Edward R. HENNING, Jr. and Edward R. Henning, Sr., Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 2, 2001.
Filed March 21, 2002.

David B. Rodden, Philadelphia, for appellants.

Teresa F. Sachs, Philadelphia, for appellee.

BEFORE: McEWEN, P.J.E., JOYCE, and KELLY, JJ.

OPINION BY McEWEN, P.J.E.:

¶ 1 This interlocutory appeal has been taken as of right pursuant to Pa.R.A.P. 311(a)(8) and 42 Pa.C.S. § 7320(a)(1), from the order which dismissed the preliminary objections filed by appellants, Edward R. Henning, Jr., and Edward R. Henning, Sr., to the declaratory judgment complaint which appellee, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") had filed, seeking a declaration that Edward R. Henning, Jr., was precluded, as a result of the named driver exclusion endorsement,[1] from obtaining uninsured motorist benefits under the motor vehicle insurance policy issued to his father. We affirm.

¶ 2 This appeal, although taken from an order denying preliminary objections filed by appellants to the declaratory judgment complaint filed by State Farm, is properly before us as

> an order dismissing preliminary objections in the nature of a motion to compel arbitration is immediately appealable. Pa.R.A.P. 311(a)(8) makes appealable as of right an interlocutory order "made appealable by statute or general rule." 42 Pa.C.S. § 7320(a) makes appealable "a court order denying an application to compel arbitration under Section 7304."

*Cooke v. Equitable Life Assurance Society of U.S.*, 723 A.2d 723, 726 (Pa.Super.1999), *citing Hazleton Area School District v. Bosak*, 671 A.2d 277 (Pa.Cmwlth.1996).

¶ 3 None of the facts relevant to our resolution of this appeal are in dispute. Edward R. Henning, Jr., while driving a vehicle which he owned and which was insured with Progressive Insurance Company, was involved in an accident with an uninsured motorist. The accident was caused by the uninsured motorist and Progressive Insurance Company paid to appellant the limits of the uninsured motorist benefits under his policy.

¶ 4 Appellant then sought uninsured motorist benefits under the policy of insurance issued by appellee State Farm to his father, Edward R. Henning, Sr. State Farm denied the claim for uninsured motorist benefits, citing the named driver exclusion pursuant to which Edward R. Henning, Sr., had specifically excluded his son, Edward R. Henning, Jr., from all coverage under his policy "for bodily injury, loss or damage **under any of the coverages of the policy while any motor vehicle is operated** by Edward R. Henning, Jr." (emphasis supplied).

---

1. This endorsement provided:
   In consideration of the premium charged for your policy it is agreed: we shall not be liable and no liability or obligation of any kind shall attach to us for bodily injury, loss or damage under any of the coverages of the policy while any motor vehicle is operated by Edward R. Henning, Jr.

¶ 5 Appellants, in response to the declaratory judgment complaint filed by State Farm, filed preliminary objections pursuant to Pa.R.C.P. 1028(a)(6), requesting that the court dismiss the complaint and order the parties to proceed to arbitration. The arbitration clause contained in the policy, and under which appellants argue they are entitled to compel arbitration, provides:

**Deciding Fault and Amount–Coverages U, U3, W and W3**

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect compensatory damages from the owner or driver of an *uninsured motor vehicle* or *underinsured motor vehicle;* and

2. If so, in what amount?

If there is no agreement, these two questions shall be decided by arbitration at the request of the *insured* or us. The arbitrators' decision shall be limited to these two questions. The arbitrators shall not award damages under this policy which are in excess of the limits of liability of this coverage as shown on the declarations page. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply.

¶ 6 Appellee contends that the dispute as to the issue of whether the named driver exclusion is valid does not fall within the narrow scope of the arbitration clause, since appellee does not dispute that the appellant, Edward R. Henning, Jr., is entitled to collect damages from the driver of the uninsured vehicle involved in the accident, and does not dispute the amount of the damages claimed by appellant. Rather, the sole dispute between the parties is whether Edward R. Henning, Jr., is entitled to uninsured motorist benefits under the State Farm policy despite the fact that he was specifically excluded from **all coverages** under the policy while operating a motor vehicle.

¶ 7 We have no hesitation in concluding that the arbitration clause is limited to the two issues expressly set forth under the terms of the policy and thus is inapplicable to the present dispute between the parties. As the U.S. Court of Appeals for the Third Circuit noted in construing this precise arbitration provision in *State Farm Mutual Automobile Insurance Co. v. Coviello,* 233 F.3d 710 (3rd Cir.2000):

Under Pennsylvania law, the determination of whether an issue must be submitted to arbitration depends upon (1) whether the parties entered into an agreement to arbitrate, and (2) whether the dispute falls within the scope of that agreement. *See, e.g., Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 331 A.2d 184, 185 (Pa.1975); *Patterson,* 953 F.2d at 46. Furthermore, the scope of arbitration "is determined by the intention of the parties as ascertained in accordance with the rules governing contracts generally." *Sley Sys. Garages v. Transp. Workers Union of Am.,* 406 Pa. 370, 178 A.2d 560, 561–62 (Pa.1962).

\* \* \* \*

[T]he clause specifically states that "the arbitrators' decision shall be limited to these two questions," meaning Questions (1) and (2), which describe fault and amount, respectively.... [T]he policy unambiguously declares THAT ONLY THOSE DISPUTES INVOLVING FAULT AND AMOUNT MAY BE ARBITRATED.

\* \* \* \*

State Farm's terms unambiguously limit arbitration to questions of fault and amount, and therefore policy coverage disputes such as the one presented in the instant case should be excluded from arbitration. While we recognize that parties should be bound by an agreement to arbitrate, *see, e.g., [Allstate v.]*

*Taylor,* 434 Pa. 21, 252 A.2d [618] at 620 [ (1969) ], we must also respect the countervailing principle that parties should not be required to arbitrate those issues that fall outside the scope of the agreement, *see, e.g., Flightways Corp.,* 331 A.2d at 185.

*Id.,* 233 F.3d at 716, 719–720 (footnotes omitted) (emphasis supplied).

¶ 8 Simply put, there is no hue of validity to the argument of appellant. Thus, the trial court properly concluded that appellants' claim that application of the named driver exclusion in this instance is violative of the public policy of this Commonwealth as well as the provisions of the MVFRL [2] must be resolved in the declaratory judgment action.

¶ 9 Order affirmed. Case remanded. Jurisdiction relinquished.

---

2. The named driver exclusion is authorized by Section 1718(c) of the MVFRL which provides, in relevant part:

**§ 1718. Exclusion from benefits**

\* \* \* \*

(c) **Named driver exclusion.**-An insurer or the first named insured may exclude any person or his personal representative from benefits under a policy enumerated in section 1711 or 1712 when any of the following apply:

(1) The person is excluded from coverage while operating a motor vehicle in accordance with the act of June 5, 1968 (P.L. 140, No. 78), relating to the writing, cancellation of or refusal to renew policies of automobile insurance.

(2) The first named insured has requested that the person be excluded from coverage while operating a motor vehicle. This paragraph shall only apply if the excluded person is insured on another policy of motor vehicle liability insurance.

75 Pa.C.S. § 1718(c). Pursuant to Section 1718(c)(2), it would appear that State Farm could properly deny the uninsured motorist claim of Edward R. Henning, Jr., since (1) he was specifically excluded from the coverage purchased by his father in exchange for a lowered premium; (2) he was operating a vehicle at the time of the accident giving rise to the claim; and (3) he had purchased and was the named insured on a valid policy of motor vehicle insurance. *See: State Farm Fire & Casualty Co. v. Keenan,* 953 F.Supp. 103 (E.D.Pa.1997).