## GMAC Insurance Companies v. Whitmore

*Jack Emas,* for plaintiff.
*Edward J. Carreiro Jr.,* for defendants.

JONES II, *J.,* January 7, 2005—This opinion is submitted relative to defendants', Carol Whitmore and Robert Whitmore, appeal of this court's order dated October 18, 2004, overruling preliminary objections to plaintiff's amended complaint seeking to stay the instant action and order the parties to proceed to arbitration pursuant to the terms of the arbitration provision contained within the applicable policy of insurance.

## BACKGROUND

GMAC Insurance Companies filed the instant action for declaratory relief and alleges as follows: Carol Whitmore had a policy of automobile insurance with GMAC, policy number \*\*\*-\*\*\*\*\*\*\*. (Amended complaint ¶4.) On February 5, 2002, the insured Carol Whitmore's daughter, Amy Whitmore, was involved in an accident in Bensalem Township, Bensalem, Bucks County, from which Amy Whitmore suffered fatal injuries. (Amended complaint ¶5.) The insurance policy which was in effect at the time of the subject accident provided for unstacked underinsured motorist policy limits in the amount of $100,000 per person/$300,000 per accident. (*Id.* ¶6.) Carol Whitmore and Robert Whitmore were designated as administratrix and administrator of the estate of Amy Whitmore. (*Id.* ¶7.) The estate of Amy Whitmore recovered monies from the primary tort-feasor and then sought underinsured motorist policy limits of $100,000 per person from GMAC. GMAC offered said limit. (*Id.* ¶8.) The Whitmores then sought insurance coverage pursuant to the underinsured motorist provisions of the same insurance policy alleging additional claims for $100,000 each, asserting they are entitled to the per person limits of $100,000 for their separate claims (*Id.* ¶9.) The Whitmores were neither involved nor present for the subject accident and did not sustain any injuries due to the incident. (*Id.* ¶10.) GMAC denied coverage claiming there was no applicable insurance coverage for the alleged claims of the Whitmores and, as a result, had no right to recovery. (*Id.* ¶20.)

GMAC filed the instant declaratory judgment action. Defendants filed preliminary objections to the complaint.

In response to the preliminary objections, GMAC filed an amended complaint which was followed by preliminary objections seeking a stay of the instant action and order the matter to arbitration. The court, on October 18, 2004, overruled the preliminary objections and the instant appeal followed.

## DISCUSSION

The issue on appeal is whether the court erred in ruling that the dispute between plaintiff and defendants did not fall within the ambit of the arbitration provision of the uninsured/underinsured coverage section of the Integon insurance policy. "Where a party to a civil action seeks to compel arbitration of that action, a two-part test is employed to determine if arbitration is required." *D & H Distributing Co. Inc. v. National Union Fire Insurance Co.,* 817 A.2d 1164, 1166 (Pa. Super. 2003), quoting *Midomo Co. Inc. v. Presbyterian Housing Development Co.,* 739 A.2d 180, 186 (Pa. Super. 1999). First, the trial court must determine if a valid agreement to arbitrate exists between the parties. *Id.* Second, if the trial court determines that such an agreement does exist, it must then determine if the dispute involved is within the scope of the arbitration provision. *Id.* "The scope of arbitration is determined by the intention of the parties as ascertained in accordance with the rules governing contracts generally." *Id.* (quoting *Henning v. State Farm Mutual Automobile Insurance Co.,* 795 A.2d 994 (Pa. Super. 2002)).

In examining the language of an insurance policy, this court is mindful that "while any ambiguities in an insurance contract will be resolved in favor of the insured, a

court is required to give effect to clear and unambiguous language." *Estate of Higgins v. Washington Mutual Fire Insurance Co.,* 838 A.2d 778, 781 (Pa. Super. 2003) (quoting *Coppola v. Insurance Placement Facility of Pa.,* 386 Pa. Super. 413, 417, 563 A.2d 134, 136 (1989)).

"Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. This is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts. We will not, however, distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity. The polestar of our inquiry, therefore, is the language of the insurance policy." *Newhard v. Travelers Insurance Co.,* 831 A.2d 602, 605 (Pa. Super. 2003) (quoting *Madison Construction Co. v. Harleysville Mutual Insurance Co.,* 557 Pa. 595, 606, 735 A.2d 100, 106 (1999)).

The insurance policy at issue contains the following arbitration provision:

"Arbitration

"(A) If we and an insured disagree:

"(1) whether the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle; or

"(2) as to the amount the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle.

"then either party may make a written demand for arbitration.

*"However, disputes concerning coverage may not be arbitrated."* (Exhibit "B" to plaintiff's memorandum of law in opposition to defendants' preliminary objections.) (emphasis added)

Under the terms of this arbitration provision, the scope of arbitration is limited to two issues: (1) whether the insured (Carol Whitmore) is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle or (2) as to the amount the insured (Carol Whitmore) is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle. The policy in question unequivocally states that disputes concerning coverage may not be arbitrated. The threshold issue in the case at bar is whether there is coverage for Carol Whitmore and Robert Whitmore's separate and distinct claims to recover damages for wrongful death and survival under the Wrongful Death Act of Pennsylvania and the Pennsylvania Survivor Act. At this stage, the dispute before the court does not involve entitlement to, or amount of, damages alleged to have been occasioned by the accident. It is a dispute about coverage which may not be arbitrated. In light of the facts alleged in the amended complaint, this court finds that the subject matter of the lawsuit does not fall within the arbitration provision of the policy. Consequently, the instant dispute may not be remanded to arbitration at this time.

Defendants argue that the arbitration provision of the uninsured/underinsured coverage section does not define "coverage" and is per se ambiguous. Defendants rely upon *Borgia v. Prudential Insurance Co.*, 561 Pa. 434, 750 A.2d 843 (2000). In *Borgia*, an automobile driven

by Carmen Borgia Jr. was involved in an accident with another vehicle. Borgia obtained the policy limits covering that other vehicle. Having waived UIM coverage under his own State Farm policy, Borgia attempted to recover UIM benefits under the policy of insurance covering his father's automobiles (with whom he was living at the time) issued by Prudential. Prudential filed an action for declaratory judgment seeking an order that Borgia was not a "covered person" under the language of the Prudential policy and therefore was not entitled to compel arbitration.

The then-existing Prudential policy language read as follows:

"If we (Prudential) and a covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration."

The Supreme Court held that the issue of whether the driver was a "covered person" who could demand arbitration was arbitrable. After reviewing the law governing disputes controlled by common-law arbitration, the Supreme Court determined that the arbitration clause at issue provided for arbitration of disputes concerning "policy coverage" and whether the claimant was a covered person under his parents' policy was the essential matter to be resolved in order to dispose of the claim. See *id.* at 441, 750 A.2d at 847.

Defendants' reliance on *Borgia* is misplaced. The arbitration clause in the policy issued to defendants herein is entirely different from the arbitration clause in the *Borgia* case. As demonstrated above, the arbitration clause herein limits the scope of arbitration to two con-

cerns (1) whether the insured is legally entitled to recover damages from the owner or operator of an uninsured motorist vehicle or (2) as to the amount the insured is legally entitled to recover from the owner or operator of the underinsured motorist vehicle. However, disputes concerning coverage are specifically excluded therefrom.

Applying these contractual terms to the particular facts set forth in the amended complaint it is clear that such questions are reserved for the court.

Unlike *Borgia,* the issue herein is not whether the Whitmores are insureds under the policy legally entitled to recover damages from the owner or operator of an underinsured motorist vehicle. Indeed, GMAC concedes that the Whitmores and the insureds under the policy are entitled to recover uninsured motorist benefits. This is evident from the offer to pay the limits of the policy to the insured for the fatal injures sustained by their daughter. The question before this court is whether coverage exists separately and distinctly for the Whitmores, as parents of the deceased, arising from the death of their daughter when they suffered no injury and were not present at the time of the accident. Thus, even though the Whitmores are insureds under the Integon policy, they are nevertheless not entitled to demand arbitration, for the issue of coverage is reserved for the court.

The court finds the issue presented in *Henning v. State Farm Mutual Automobile Insurance Co.,* 795 A.2d 994 (Pa. Super. 2002), to be more akin to the case at bar. In *Henning,* Edward R. Henning Jr., while driving a vehicle which he owned and which was insured with Pro-

gressive Insurance Company, was involved in an accident with an uninsured motorist. The accident was caused by an uninsured motorist and Progressive Insurance Company paid Henning the limits of the uninsured motorist benefits under his policy. Henning then sought uninsured motorist benefits under the policy of insurance issued by State Farm to his father, Edward R. Henning Sr. State Farm denied the claim for uninsured motorist benefits, citing the named driver exclusion pursuant to which Henning Sr. had specifically excluded his son, Henning Jr., from all coverage under his policy "for bodily injury, loss or damage under any of the coverages of the policy while any motor vehicle is operated by Henning Jr."

State Farm filed a declaratory judgment action. In response, Henning filed preliminary objections requesting the court to dismiss the complaint and order the parties to arbitration. Similar to the policy at bar, the State Farm policy limited arbitration to two questions, fault and amount. After reviewing the State Farm arbitration provision, the court concluded that the arbitration provision was inapplicable since application of the named driver exclusion must be resolved in the declaratory judgment action.

In *Henning,* the arbitration provision was inapplicable because the declaratory judgment action sought resolution of whether an exclusion contained within the policy applied. *Henning* is instructive in this regard since the declaratory judgment action filed by GMAC seeks resolution of whether insured may make a claim for underinsured motorist benefits separately and distinctly under the wrongful death and survival statute. Similar to

*Henning,* the arbitration provision in the GMAC policy is inapplicable because the dispute before the court is centered on whether coverage for such a claim exists. Based on the foregoing, the court overruled defendants' preliminary objections.

## CONCLUSION

For the foregoing reasons, the court respectfully submits that the order entered October 18, 2004, overruling the preliminary objections of defendants, be affirmed.